A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Oct 07, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Oct 07, 2009

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | MDL No. 2036 |
| IN RE: WELLS FARGO CHECKING ACCOUNT OVERDRAFT LITIGATION | MDL No. 2101 |

## ORDER

**Before the entire Panel**[*]  Plaintiffs in all six actions on the attached Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Southern District of Florida for inclusion in MDL No. 2036.

Plaintiffs in the Northern District of California *McMillan* action and the Western District of Washington *Zankich* action also move pursuant to 28 U.S.C. § 1407 for separate centralization (as MDL No. 2101) of five of the six actions in the Northern District of California, where the procedurally advanced *Sanchez/Gutierrez* action[1] is pending.  Responding plaintiffs join in this motion.

Common defendants in all actions – Wells Fargo Bank, N.A. (Wells Fargo Bank) and/or Wells Fargo & Co. (collectively Wells Fargo) – oppose the motions to vacate the MDL No. 2036 conditional transfer orders and oppose creation of a new MDL docket for the Wells Fargo overdraft cases in Northern District California.

After considering all argument of counsel, we find that all actions involve common questions of fact with overdraft actions in this litigation previously transferred to the Southern District of Florida.  Transfer of all actions, except for the Northern District of California *Sanchez/Gutierrez* action, to the Southern District of Florida for inclusion in MDL No. 2036 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  We further find that transfer of five of the actions is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held that (1) the Southern District of Florida was a proper Section 1407 forum for actions involving claims relating to the alleged improper imposition of bank checking account overdraft fees; and (2) while there are some unique questions

---

[*]  Judge Heyburn took no part in the disposition of this matter.

[1]  Claudia Sanchez, et al. v. Wells Fargo & Co., et al., N.D. California, C.A. No. 3:07-5923.

- 2 -

of fact from bank-to-bank, overdraft actions against varying banks share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket. *See In re Checking Account Overdraft Litigation*, 626 F.Supp.2d 1333 (J.P.M.L. 2009).

We also find that transfer of the Northern District of California *Sanchez/Gutierrez* action is not appropriate. While plaintiffs and Wells Fargo have differing views on whether pretrial proceedings in *Sanchez/Gutierrez* are complete and whether *Sanchez/Gutierrez* is trial ready, it is clear that Judge William H. Alsup has presided over extensive pretrial proceedings in this case over the past two years. A trial date is now set for March 1, 2010. In light of the advanced stage of proceedings in *Sanchez/Gutierrez*, inclusion of this action in MDL No. 2036 proceedings is not appropriate.

While the presiding judge the Northern District of California *Sanchez/Gutierrez* action is familiar with issues in overdraft actions, the other five Wells Fargo actions are all in their beginning stages. Inclusion of these five overdraft actions in MDL No. 2036 will best promote the just and efficient conduct of the litigation as a whole. As we said in our initial order establishing MDL No. 2036, the transferee court can employ pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. *Id.* at 1335-36. Accordingly, we find that separate centralization of Well Fargo overdraft actions in the Northern District of California is not warranted.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of actions on the attached Schedule A as MDL No. 2101 is denied.

IT IS FURTHER ORDERED that our MDL No. 2036 conditional transfer order designated as "CTO-1" is vacated insofar as it relates to *Claudia Sanchez, et al. v. Wells Fargo & Co., et al.*, N.D. California, C.A. No. 3:07-5923.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the remaining five actions on the attached Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman[*]     Kathryn H. Vratil
David R. Hansen                      W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION                                  MDL No. 2036

IN RE: WELLS FARGO CHECKING ACCOUNT
OVERDRAFT LITIGATION                                  MDL No. 2101

## SCHEDULE A

    <u>District of Arizona</u>

Georgio Churchwell v. Wells Fargo Bank, N.A., et al., C.A. No. 4:09-75

    <u>Northern District of California</u>

Claudia Sanchez, et al. v. Wells Fargo & Co., et al., C.A. No. 3:07-5923
Donna McMillan, et al. v. Wells Fargo Bank, N.A., C.A. No. 3:08-5739

    <u>District of Colorado</u>

Lynn Egan v. Wells Fargo & Co., et al., C.A. No. 1:09-253

    <u>District of Nevada</u>

Diane Mortensen v. Wells Fargo Bank, N.A., et al., C.A. No. 3:09-65

    <u>Western District of Washington</u>

Alex Zankich, et al. v. Wells Fargo Bank, N.A., C.A. No. 2:08-1476



Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By Gracie Gomez, Deputy Clerk
Date 10/19/09